UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LIANA RUTH WHITTINGTON,<br><br>Plaintiff,<br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 3:16-cv-00534-MMD-WGC<br><br>ORDER REGARDING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WILLIAM G. COBB |

**I.   SUMMARY**

Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb (ECF No. 15) ("R&R" or "Recommendation") regarding Plaintiff Liana Ruth Whittington's Motion for Reversal and/or Remand ("Motion to Remand") (ECF No. 11) and Defendant Acting Commissioner's Cross-Motion to Affirm ("Cross-Motion") (ECF No. 12). The Court has reviewed Plaintiff's objection to the R&R (ECF No. 16). Defendant did not file a response. The Court has also reviewed the administrative record[1] filed by Defendant (ECF Nos. 9,10).[2]

For the following reasons, the Court rejects the R&R and grants Plaintiff's Motion to Remand.

///

---

[1] For ease of reference, the Court will cite to the administrative record as AR.

[2] Defendant filed both a physical copy of the administrative record (ECF No. 10) and an electronic copy (ECF No. 9).

## II. BACKGROUND

Plaintiff completed an application for disability insurance benefits under Title II of the Social Security Act, alleging disability beginning February 1, 2007. (AR 148-49.) The application was denied initially and on reconsideration. (AR 99-104, 106-11.)

Plaintiff requested a hearing before an administrative law judge (ALJ). (AR 113.) ALJ Sara Gilles held a hearing on January 27, 2015. (AR 39-70.) Plaintiff, who was represented by counsel, appeared and testified on her own behalf at the hearing. Testimony was also taken from a vocational expert ("VE"). The ALJ issued a decision finding Plaintiff not disabled on April 13, 2015. (AR 20-35.) Plaintiff requested review, and the Appeals Council denied the request, making the ALJ's decision the final decision of the Commissioner. (AR 1-4, 15-16.)

Plaintiff then commenced this action for judicial review pursuant to 42 U.S.C. § 405(g).

## III. LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.*

Congress has limited the scope of judicial review of the Commissioner's decisions to deny benefits under the Social Security Act. In reviewing findings of fact, the Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (internal quotation marks and citations omitted). The court must consider the entire record as a whole to determine whether substantial evidence exists, and it must consider evidence that both supports and undermines the ALJ's decision. *Id.* at 523

(citation omitted). "If the ALJ's finding is supported by substantial evidence, the court may not engage in second-guessing." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). In weighing the evidence and making findings, the Commissioner must also apply the proper legal standards. *Id.* (citations omitted). Courts "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

**IV. DISCUSSION**

Plaintiff raises two objections to the Magistrate Judge's R&R. The Court will address these objections in turn.

**A. PLAINTIFF'S FIRST OBJECTION**

Plaintiff first objects that the ALJ failed to set forth persuasive, specific, and valid reasons for discounting her Veterans Affairs ("VA") rating of 100% service connected disability. (ECF No. 16 at 4.) The VA found Plaintiff "to be 100% service connected disability effective August 24, 2009." (*Id.*) Plaintiff's rated disabilities are anxiety disorder (70%), intervertebral disc syndrome (20%), sciatic nerve, neuritis (10%), paralysis of the sciatic nerve (10%), and neoplasm, benign, skin (0%). (*Id.*)

ALJs must consider a VA disability rating and ordinarily must give it great weight. *McLeod v. Astrue*, 640 F.3d 881, 886 (9th Cir. 2011) (citing *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002)). Nevertheless, ALJs may discount VA disability ratings by giving persuasive, specific, valid reasons for doing so that are supported by the record. *McCartey*, 298 F.3d at 1076. This is due to differences between the VA and Social Security Administration ("SSA") criteria for determining disability. *Id.*

In *Berry v. Astrue*, 622 F.3d 1228 (9th Cir. 2010), the Ninth Circuit found that the ALJ articulated a persuasive, specific, valid reason for discounting a VA disability rating. In that case, the ALJ acknowledged the VA's determinations that the petitioner's sleep apnea and back pain were at least partially disabling but disagreed with that determination based on medical evidence in the record showing that the claimant's apnea was

///

adequately controlled and that the claimant's back pain appeared stable with pain medication. *Id. at* 1236.

Here, just as in *Berry*, the ALJ identified medical evidence in the record showing that Plaintiff's mental condition was adequate for performing sedentary work with certain additional limitations.[3] (AR 32.) Among the medical evidence the ALJ considered were statements by Plaintiff's treating physicians that she "was oriented to person, place, and time, had no impairment in her thought processes, and that her rate and flow of speech was relevant and logical;" that her "thought content was organized, and she was alert and organized;" that "a mental status examination revealed fast speech, but otherwise normal findings;" and that she "had fair impulse control, normal remote memory, average intelligence, and unremarkable thought content and process." (AR 28.) These observations by Plaintiff's treating physicians constitute persuasive, specific, and valid reasons for determining that Plaintiff's 100% service connected disability rating—in light of all the medical evidence before the ALJ—was not conclusive as to whether Plaintiff retained the residual functional capacity ("RFC") to engage in sedentary work with additional limitations.

Plaintiff argues that the ALJ did not adequately connect the medical evidence to her decision to discount Plaintiff's VA disability rating. (ECF No. 16 at 7.) While the paragraph in which the ALJ discussed Plaintiff's VA disability rating did not contain the reasons listed above, those reasons appeared in the same section of the decision as the paragraph regarding Plaintiff's VA disability rating. (*See* AR 26-32.) Moreover, any failure on the part of the ALJ to adequately connect the medical evidence to her decision to discount Plaintiff's VA disability rating amounts to harmless error because the medical evidence recited above and described in the ALJ's decision constitutes a sufficient basis for discounting Plaintiff's VA disability rating.

///

---

[3]Plaintiff addressed only the mental aspect of the ALJ's findings in her Motion to Remand. (ECF No. 11 at 7-8.)

4

## B. PLAINTIFF'S SECOND OBJECTION

Plaintiff's second objection is that the ALJ did not adequately explain why she accepted the VE's testimony when that testimony contradicted the Dictionary of Occupational Titles ("DOT"). (ECF No. 16 at 8.)

The Commissioner has established a five-step sequential process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; *see also Bowen v. Yuckert*, 482 U.S. 137, 140-41 (1987). At the fifth step, the ALJ determines whether the claimant can perform other work despite her limitations. *Zavalin v. Colvin*, 778 F.3d 842, 846 (9th Cir. 2015). The ALJ may rely on several sources to make this determination, including the testimony of VEs and the DOT, which details the specific requirements for different occupations. *Id.* at 845-46. When the VE's testimony contradicts the DOT, however, the ALJ is required to reconcile the inconsistency: "[t]he ALJ must ask the expert to explain the conflict and 'then determine whether the [VE]'s explanation for the conflict is reasonable' before relying on the expert's testimony to reach a disability determination." *Id.* at 846 (quoting *Massachi v. Astrue*, 486 F.3d 1149, 1153–54 (9th Cir. 2007); *see also Massachi*, 486 F.3d at 1152-53 ("SSR 00–4p further provides that the adjudicator 'will ask' the VE 'if the evidence he or she has provided' is consistent with the [DOT] and obtain a reasonable explanation for any apparent conflict.").

Here, the ALJ determined that Plaintiff could work as a bookkeeper, mail clerk, or office helper because those occupations were consistent with her RFC to perform sedentary work with certain additional limitations (simple instructions and occasional contact with the public). (AR 34.) In determining that these occupations were consistent with Plaintiff's RFC, the ALJ relied on the VE's testimony about the nature of these occupations. (*See id.*) The VE testified that all three occupations were sedentary and unskilled. (AR 68-69.) The VE also acknowledged that her testimony was inconsistent with the DOT, noting that the DOT designated bookkeeper and officer helper as skilled occupations and mail clerk as light work, as opposed to sedentary work. (AR 68-69.) The VE indicated that her testimony was based on the definitions of these occupations by the

5

Bureau of Labor Standards ("BLS"), but did not offer any explanation of why the BLS designations differed from the DOT designations. (*See id.*) However, the ALJ did not ask for explanation (*id.*), nor did the ALJ offer any explanation of why she privileged the VE's testimony over the DOT designations in her decision (AR 34).

The ALJ's error in failing to explain why she privileged the VE's testimony over the DOT designations is not harmless. Plaintiff would be unable to perform the occupations of bookkeeper, mail clerk, or office helper under the DOT definitions. Thus, the ALJ must explain why she rejected the DOT definitions on remand.

## V.     CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered, adjudged, and decreed that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 15) is rejected.

It is further ordered that Plaintiff's Motion to Remand (ECF No. 11) is granted.

It is further ordered that Defendant's Cross-Motion to Affirm (ECF No. 12) is denied.

The Clerk is directed to enter judgment and close this case.

DATED THIS 23rd day of April 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE